CHARLES M. AXTMAYER, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 826. Argued November 26, 1930.—Decided December 9, 1930.

*Pellón & Ayuso* for appellant.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The will and testament of Francisco de Paula Acuña y Paniagua, deceased, contains the following clause:

"He bequeathes to Doña Inés Caballer y Schallon house No. 31 at San Sebastián Street in this city, and in addition six thousand dollars, to the payment of which there shall be applied one thousand dollars

of the mortgage credit constituted in favor of the testator by Mr. Francisco A. Crescioni on a house and lot in the ward of Miramar, Santurce, should such credit exist at the time of the testator's death."

On July 1, 1930, Francisco, Isabelita, and Teresita Acuña Aybar appeared as testamentary heirs of Francisco Acuña y Paniagua before notary Antonio Ayuso Valdivieso and executed a deed, wherein they acknowledged having received from Charles M. Axtmayer two thousand dollars as principal and the stipulated interest, which had been secured by a mortgage in favor of Francisco de Paula Acuña y Paniagua executed by Rosa Axtmayer with the consent of her husband Francisco Crescioni, who assumed the obligation *in solidum*, on an urban property located in the ward of Miramar, Santurce, in the municipal district of San Juan, Puerto Rico; and they granted a release of the mortgage.

A certified copy of the above deed was presented for record in the Registry of Property of San Juan, and the registrar entered the following decision:

"Upon exhibition of the will of grantor's ancestor and other documents, including the death certificate of Eduardo Acuña Aybar, the cancellation to which the foregoing instrument refers is entered, but only as to one thousand dollars, at folio 19, vol. 3, South Santurce, property No. 83, record 13 a.; and the cancellation is denied as to the remaining $1,000, in view of the vagueness of the eighth clause of the will wherein the testator bequeathed to Inés Caballer the sum of $1,000, to be deducted from the mortgage credit, which is the object of the cancellation herein, in order to make up her legacy of $6,000, as should said legacy of $1,000 constitute an assignment to her of a part of the mortgage credit, it devolves upon her, and not upon the heirs, to grant the release as regards the said sum of $1,000; and should the legacy constitute a charge or application of the proceeds of the credit when collected, the heirs can not proceed to its collection and cancellation without the intervention of the legatee who, in such case, should be considered as a creditor interested in said proceeds, according to the decision of the Supreme Court in Durán v. Registrar, 40 P.R.R. 799. Notice is also entered of the curable defect in failing to set forth in the said instrument the death of Eduardo Acuña Aybar."

The present appeal has been taken from the above decision.

Upon a careful reading of the testamentary clause in question, and bearing in mind that the registrar must act in accordance with the instrument presented to him and the showing from the registry, we find that the testator refers in the said clause to a mortgage constituted by Francisco A Crescioni, and that the mortgage which is canceled was con stituted by Rosa Axtmayer, although the debt evidenced thereby is a joint and several obligation of Mrs. Axtmayer and her husband Crescioni. Most certainly that was the mortgage meant by the testator. But if the official whose decision is appealed from was so cautious when considering the testamentary clause, he should have noticed the difference pointed out, which perhaps is only apparent.

In our opinion the clause is neither obscure nor vague. It creates a legacy of a specific thing and another of quantity, and it suggests the source from which a part of the amount is to come from. If the heirs, in order to pay the $6,000, use their own funds without waiting for the payment of the mortgage credit, such payment would be proper. To consider a legatee of quantity as an heir or a legatee of credit is not correct. If the testator had meant to bequeath a part of the credit, he would have so stated. He did not do so, and the legacy is one of quantity with a suggestion to the heirs as to the source of payment. So much so, that it could not be logically supposed that the legatee would have lost the $1,000 legacy if no mortgage credit had existed at the time of the testator's death, which would have been the case if a legacy of credit was involved.

It is not the province of the registrar to provide for the security of the parties interested in a legacy. The Civil Code prescribes the obligations of the heirs as regards the payment of legacies. The Mortgage Law grants the legatees the facilities of the various modes of recording legacies. Rights, obligations, and guaranties spring from those two statutes.

The decision appealed from must be reversed and the cancellation ordered.